### SIMPSON and WIFE v. ROBERT HELFORD, Administrator of Thomas Helford.[1]

Court of Common Pleas. Kent. July, 1796 (Adjourned).

*Bayard's Notebook, 143.*[*]

---

[1] In the account of this case in *Clayton's Notebook* the name is spelled "Hillford."

[*] This case is also reported in *Clayton's Notebook, 18.*

The counsel for the plaintiff admitted that the action was at common law and contended that it was maintainable in this Court independent of the Act of Assembly. It was admitted, they said, that an executor having assets and promising to pay,—the consideration was good, and that an action would lie. The present case could not be considered as falling short of an express promise. The intestate had passed an administration account and charged himself with a balance. Part of this balance was due to the plaintiff's wife, and the settlement of the account is equivalent to an express promise to pay the balance to the residuary legatees. They conceived however that an express promise was not necessary to maintain the suit. That in the case of *Atkins v. Hill,* Cowp. 284, though the general question was not before the court a strong opinion is intimated by Lord Mansfield that the action would lie where there were assets upon an implied promise. And the case in Sty. 55, cited in Cowp. 286, goes the whole length of the present question. As to the Act of Assembly which

gives a remedy at law for a legacy, that remedy is cumulative. If the remedy previously existed at law, the Act of Assembly certainly did not take it away. Such is the principle of the case in 2 Burr. 799. And in the case of *Freeman v. Hall* the Supreme Court held that an action would lie for taxes notwithstanding the remedy given by the Act of Assembly.

The CHIEF JUSTICE delivered the opinion of the Court. The Court have carefully attended to what has been urged in maintenance of the present action and cannot say that they feel any embarrassment in determining that the action does not lie. The case in Cowper was the case of an express promise, and the case in 5 Term is in point that an action will not lie upon an implied promise. The settlement of an administration account is not in the nature of an express promise more than filing an inventory. It is merely a statement of the extent of the administration, but there may be other debts to pay, and it would therefore be unjust even to imply a promise to pay the balance to legatees. I have always been of opinion, and my colleague agrees with me (JUSTICE JOHNS), that an action at common law would not lie for a legacy without an express promise in consideration of assets.

The Act of Assembly referred to was certainly passed on the principle that in the cases it provides for there was no remedy at common law. The provisions of the Act for the security of the executor are drawn from the practice of the courts of equity where the proper remedy was formerly to be found in cases of the present kind. The judgment under the Act is *de bonis testatoris;* if this action were maintainable the judgment would always be against the executor in his own right. The Act also makes provision for the convenient settlement of the question of assets and compels the legatee to give bond to refund if future debts should be recovered. We are clearly of opinion that the plaintiff has failed in supporting his suit, and that the motion for a nonsuit ought to be granted.

Whereupon the plaintiff was called and nonsuited.

*Miller* and *Fisher* for the plaintiff. *Ridgely* and *Bayard* for the defendant.

---

*Bayard's Notebook, 147.*

In the last vacation McDONOUGH, one of the Associate Judges of the Common Pleas, died and was succeeded by KENSEY JOHNS, Esquire, who sat upon the bench during the present circuit.